UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNA EIDENMULLER, Plaintiff, v. UNIVERSITY OF WASHINGTON, *et al.*, Defendants. | Case No. C26-1139-MLP<br>ORDER |

## I. INTRODUCTION

This matter is before the Court on the Motion to Dismiss filed by Defendants the University of Washington ("UW"); former UW Health Sciences Immunization Program ("HSIP") Manager Janice Hutson; UW Speech and Hearing Sciences Director of Clinical Education Amy Rodda; UW Senior Director of Environmental Health & Safety Katia Harb; and former UW President Ana Mari Cauce (the "Individual Defendants"; collectively with UW, "Defendants"). (Mot. (dkt. # 20).) Plaintiff Jenna Eidenmuller filed a response requesting oral argument. (Resp. (dkt. # 21).) Defendants filed a reply. (Reply (dkt. # 22).) The Court heard oral argument on August 6, 2026. (Dkt. # 23.)

Having considered the parties' arguments, the governing law, and the record, the Court GRANTS Defendants' Motion to Dismiss (dkt. # 20).[1]

## II. LEGAL STANDARD

A Rule 12(b)(6) motion may be granted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (citation omitted). A claim is plausible when the plaintiff pleads factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. The Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). On a motion to dismiss, the Court may consider the complaint, documents incorporated by reference, and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Leave to amend should be granted unless amendment would be futile. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III. BACKGROUND

Plaintiff attended UW from 2019 to 2023 and earned a Bachelor of Science in Speech and Hearing Sciences. (First Amended Complaint ("FAC") (dkt. # 10), ¶¶ 33, 36.) In March 2023, UW admitted her to its two-year, full-time Master of Science in Medical Speech-Language Pathology ("Med-SLP") program, which requires patient-facing clinical practicums and community rotations. (*Id.*, ¶¶ 38-39.) Clinical placements are governed in part by affiliation

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 9.)

agreements and site-specific rules, including infection-control and immunization requirements, which HSIP administers and verifies. (*Id.*, ¶¶ 41-44, 82.)

During the COVID-19 pandemic, Washington's Proclamation 21-14.1 required healthcare workers (including student trainees) to be vaccinated for COVID-19, with disability and religious exemptions.[2] (FAC, ¶¶ 30-31.) UW adopted a student religious-accommodation process and, on September 29, 2021, issued a form stating UW would provide reasonable accommodation for sincerely held beliefs unless doing so posed an undue hardship; Section 2 addressed HSIP students. (*Id.*, ¶¶ 45-49.)

Plaintiff alleges HSIP leadership decided to categorically deny religious exemptions for clinical students, citing: (1) a January 25, 2022 email from Ms. Hutson describing a forthcoming policy drafted "ambiguous[ly]" in order to "not accept [religious exemptions] going forward" (FAC, ¶ 52); (2) a February 17, 2022 HSIP Policy Addendum on COVID-19 vaccination that, as applied, resulted in blanket non-accommodation in clinical settings (*id.*, ¶¶ 54-55); and (3) an October 27, 2022 instruction from Ms. Hutson that "[r]eligious exemptions will not be accommodated in a clinical setting." (*Id.*, ¶ 56.)

After her March 2023 admission, Plaintiff asked whether her undergraduate religious exemption would carry over. (FAC, ¶ 66.) Before she submitted a written request, Ms. Hutson allegedly stated by phone that it would be denied. (*Id.*, ¶¶ 73-74.) Plaintiff submitted a written request on March 30, 2023, explaining her Christian beliefs and proposing masking and weekly testing at her expense. (*Id.*, ¶¶ 75-77.) On April 4, 2023, UW denied the request, stating infectious-disease experts had evaluated whether accommodation could mitigate risks for an

[2] Washington's Proclamation 21-14.1 expired October 31, 2022. (FAC, ¶ 32.)

unvaccinated trainee and that UW individually evaluated her request without questioning sincerity. (*Id.*, ¶¶ 81-83.)

Plaintiff appealed on April 6, 2023, asserting UW performed only a perfunctory review—citing affiliation agreements and HSIP guidelines as precluding accommodation rather than investigating affiliate capacity to accommodate. (FAC, ¶¶ 85-109.) On May 8, 2023, UW announced it would end its university-wide COVID-19 vaccination requirement; however, students in UW's clinic and community placements in healthcare settings were still required to comply with HSIP policies, including COVID-19 vaccination, and with site-specific immunization rules under affiliation agreements. (*Id.*, ¶¶ 92, 107.) Internal communications discussed a possible deferral or an exception in UW's clinic for Plaintiff, but no accommodation was granted. (*Id.*, ¶¶ 95-107.)

On June 7, 2023, UW warned Plaintiff that she would be removed from the program if she remained noncompliant with HSIP's vaccination requirements applicable to clinical placements; she objected on June 10, 2023. (FAC, ¶¶ 113-14.) UW then deemed her ineligible to begin the program based on noncompliance. (*Id.*, ¶¶ 115-19.) At the time UW removed Plaintiff in June 2023, HSIP's COVID-19 vaccination requirement for students in clinical placements remained in effect. (*Id.*, ¶¶ 82-119.)

Plaintiff also alleges UW granted numerous medical and religious exemptions from 2021 to 2024, including for students with clinical requirements. (FAC, ¶¶ 120-25.) She identifies another Med-SLP student who received a temporary religious exemption in December 2023 and a full exemption in February 2024, completed multiple affiliate clinical rotations, and graduated. (*Id.*, ¶¶ 126-39.)

## IV. DISCUSSION

Plaintiff asserts five causes of action: (1) free exercise pursuant to U.S. Const. amend. I, and Wash. Const. Art. I, § 11, against all Defendants in their personal capacities under 42 U.S.C. § 1983 (FAC, ¶¶ 151-63); (2) equal protection pursuant to U.S. Const. amend. XIV, and Wash. Const. Art. I, § 12, against all Defendants in their personal capacities under § 1983 (*id.*, ¶¶ 164-74); (3) religious discrimination under the Washington Law Against Discrimination, Ch. 49.60 RCW, against all Defendants (*id.*, ¶¶ 175-86); (4) breach of contract against UW (*id.*, ¶¶ 187-94); and (5) breach of the implied covenant against UW (*id.*, ¶¶ 195-99).

### A. Federal Claims Against UW

Section 1983 provides the vehicle for federal constitutional claims for damages. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). To state a claim for relief under § 1983, a plaintiff must show: (1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To the extent Plaintiff seeks damages against UW, those claims are barred by the Eleventh Amendment. *See Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022); *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). Plaintiff argues Defendants have not carried a burden to establish UW is an arm of the state, citing *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), which refined the Ninth Circuit's arm-of-the-state test. (Resp. at 11-14.) But *Kohn* expressly stated its framework was "unlikely to substantially destabilize prior decisions granting sovereign immunity" to state entities. *Id.* at 1032. Plaintiff's reliance on out-of-circuit cases addressing different entities under different schemes does not justify departing from decades of binding and persuasive authority affirming that UW is an arm of the state

entitled to immunity. *See Bd. of Regents of Univ. of Washington v. Employers Ins. Co. of Wausau*, 2023 WL 4863167, at *3 (W.D. Wash. July 31, 2023) (collecting cases). UW is thus entitled to Eleventh Amendment immunity on Plaintiff's federal claims. Because the federal claims against UW cannot be cured by amendment, dismissal is with prejudice.

**B. Federal Claims Against the Individual Defendants**

Defendants argue that Plaintiff's § 1983 claims against the Individual Defendants should be dismissed on qualified-immunity grounds. (Mot. at 7-9.) "The doctrine of qualified immunity protects government officials from liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757 (2014) (cleaned up). Courts may address these prongs in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). For purposes of this analysis, the Court assumes without deciding that Plaintiff plausibly alleges federal constitutional violations against the Individual Defendants. The claims fail at the second prong—whether a right was clearly established.

"A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). A plaintiff need not cite a case directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix*, 577 U.S. at 12. This inquiry must be undertaken in light of the specific context of the case, not at a high level of generality. *Rivas-Villegas*, 595 U.S. at 5-6.

Plaintiff identifies no precedent, existing at the time of Defendants' conduct in 2023, holding that a university official violates the Free Exercise or Equal Protection Clauses by implementing a COVID-19 vaccine mandate for healthcare-providing student trainees in clinical

placements. (Resp. at 15-16.) The cases she cites—*Fulton v. City of Philadelphia*, 593 U.S. 522 (2021), and *Tandon v. Newsom*, 593 U.S. 61 (2021)—state general principles that do not resolve the specific question here. The Supreme Court has repeatedly cautioned against defining clearly established law at a high level of generality. *See Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

Further, the weight of authority confirms that this constitutional question was not "beyond debate" in 2023. The Ninth Circuit has consistently upheld COVID-19 vaccine mandates for healthcare workers as constitutionally permissible and has cautioned courts against second-guessing pandemic decision-making with hindsight. *See*, *e.g.*, *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1031 (9th Cir. 2025); *Curtis v. Inslee*, 154 F.4th 678, 692 (9th Cir. 2025); *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1222 (9th Cir. 2025); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1178 (9th Cir. 2021) (approving vaccine requirement with no religious exemptions). Courts outside the Ninth Circuit have reached similar conclusions. *See*, *e.g.*, *Bojicic v. DeWine*, 569 F. Supp. 3d 669, 692 (N.D. Ohio 2021), *aff'd,* 2022 WL 3585636 (6th Cir. Aug. 22, 2022); *Benner et al. v. Wolf et al.*, 2021 WL 4123973, at *5 (M.D. Pa. Sept. 9, 2021). Against this backdrop, reasonable university officials could conclude that implementing UW's vaccine mandate for healthcare student trainees in clinical placements—including deeming masking and testing inadequate—was constitutionally permissible. The Individual Defendants are therefore entitled to qualified immunity on Plaintiff's federal claims. Because the absence of clearly established law at the time of the challenged conduct cannot be cured by amendment, dismissal is with prejudice.

**C. State Law Claims**

Plaintiff has failed to state any federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the State law claims and dismisses them without prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (dkt. # 20). Counts I and II are dismissed with prejudice, and the remaining causes of action are dismissed without prejudice.

Dated this 13th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge